IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET CARTER : | |
| : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO. 10-cv-2927 |
| UNITED STATES OF AMERICA : | |

**MEMORANDUM RE: DEFENDANT'S MOTION TO
TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

**Baylson, J.** August 20, 2010

**I. INTRODUCTION**

Presently before the Court is Defendant's motion to transfer venue under 28 U.S.C. § 1404(a). For the reasons discussed below, the Court will deny Defendant's motion.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 17, 2010, Plaintiff, a Pennsylvania resident, filed suit against The United States of America. The underlying basis for Plaintiff's claims was that Defendant failed to adequately maintain the grounds of Bridgeboro Cemetery in Edgewater, New Jersey by allowing a non-gravesite hole covered with grass and debris to remain at the site, and that as a result, Plaintiff became injured when she came into contact with the dangerous condition. Plaintiff's administrative tort claim was denied on May 17, 2010. (Doc. 1 at 13). This suit followed.

Plaintiff seeks monetary damages against the United States of America pursuant to the Federal Torts Claims Act 28 U.S.C. § 2671 for personal injury arising from the accident at Bridgeboro Cemetery. (Doc. 1 at 7). She contends that Defendant owned and operated the cemetery at the time of the accident and that Defendant, through its agents, carelessly allowed

the dangerous condition to remain at the location. Plaintiff also contends that she was a business invitee at the cemetery and that Defendant was responsible for keeping the premises safe for invitees. Plaintiff seeks relief for injuries sustained that were a direct and proximate result of Defendant's negligence. (Doc. 1 at 8). On August 2, 2010, Defendant filed a Motion to Transfer the claims to the District of New Jersey under 28 U.S.C. § 1404(a). (Doc. 4). Plaintiff responded on August 10, 2010. (Doc. 5).

### III. LEGAL STANDARD

The decision to transfer an action pursuant to § 1404(a) is discretionary with the Court. See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989). The moving party bears the burden of establishing that a transfer of venue is warranted. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Pursuant to § 1404(a), a court may transfer a case (1) to a district where the case could have been brought, and (2) where the convenience of parties and witnesses, and the interest of justice, weigh in favor of the transfer. Wallace v. Mercantile Cty. Bank, No. 06-3974, 2006 WL 3302490, at *3 (E.D. Pa. Nov. 9, 2006) (DuBois, J.). Regarding the latter requirement, the moving party must establish, based on balancing the "private" and "public" interests, that the litigation would "more conveniently proceed[,] and the interests of justice be better served[,] by transfer to a different forum." Jumara, 55 F.3d at 879.

"Private interests" include: "(1) plaintiff's choice of venue; (2) defendants' preference; (3) where the claim arose; (4) the convenience of the parties, as indicated by their relative physical and financial condition; (5) convenience of the witnesses; and (6) the location of books and records." Id. "Public interests" include: "(1) the enforceability of a judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the

controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with applicable state law in diversity cases." Id. at 879-80.

## IV. PARTIES' CONTENTIONS

### A. Defendant

Defendant argues that the most critical events giving rise to Plaintiff's claim occurred in New Jersey, thus making venue in New Jersey proper, and that balancing the private and public factors favors transfer. Specifically, Defendant argues that the case should be transferred because: (1) Plaintiff's claim arose in New Jersey; (2) Plaintiff's claims will require visits to inspect the site of the alleged accident in New Jersey; and (3) a federal court situated in New Jersey will have greater familiarity with and experience applying New Jersey law, as required by the Federal Tort Claims Act. Defendant further argues that the Eastern District of Pennsylvania has absolutely no connection to the allegations in this case and that the convenience of the parties as well as the interests of justice favor transfer. (Doc. 4 at 6–7).

### B. Plaintiff

Plaintiff responds that, on balance, the private and public interests weigh against transferring venue. First, regarding the private interests, Plaintiff points out that she resides within the forum she chose. Plaintiff further points out that both witnesses who were accompanying her at the time of the accident reside in Philadelphia. Plaintiff argues that maintaining her choice of forum will ensure that her key witnesses will be able to attend and participate in trial. She further argues that, unlike Defendant, she and the witnesses have fiscal constraints and that litigating in Defendant's proposed forum would be burdensome. Plaintiff also points out that all of her medical providers and physicians reside in Philadelphia. Regarding the public interests, Plaintiff notes that citizens within her chosen forum have an interest in the

safety of our national cemeteries.  Additionally, Plaintiff asserts that the majority of the witnesses and involved parties reside within this jurisdiction.  Plaintiff states that a site inspection would not present any difficulties for a trial in this forum.  Plaintiff further states that there are no issues regarding enforceability of a judgment, court congestion, or difficulty of applying the law of another jurisdiction.  (Doc. 5 at 4-6).

## IV.     DISCUSSION

The Court finds that Defendant, as the movant, has failed to meet the burden of establishing that transferring venue is warranted.  Indeed, "[a]lthough § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."  Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (Buckwalter, J.).  While this case originally could have been brought in New Jersey, the Court believes that the convenience of the parties and witnesses, and the interest of justice, weigh against transfer.  Further, Defendant has failed to demonstrate that the public and private interests weigh in favor of transfer.

Regarding the relevant private interests, the Court finds that they weigh against transfer.  Defendant has not offered anything that would negate the weight that is usually given to the Plaintiff's choice of forum.  Plaintiff's proximity to this forum, as well as the proximity of the majority of the witnesses to this forum, indicate that it would be more expeditious to litigate the case in the Plaintiff's chosen forum.  Defendant has not shown that it would be unduly burdensome to litigate in this forum.  The necessity of visiting the accident site does not warrant moving the entirety of this action to the District of New Jersey.

The relevant public interests also weigh against transfer.  Judgment could be enforced in either forum, court congestion is not at issue, and the public policies of the fora are not at

safety of our national cemeteries.  Additionally, Plaintiff asserts that the majority of the witnesses and involved parties reside within this jurisdiction.  Plaintiff states that a site inspection would not present any difficulties for a trial in this forum.  Plaintiff further states that there are no issues regarding enforceability of a judgment, court congestion, or difficulty of applying the law of another jurisdiction.  (Doc. 5 at 4-6).

## IV.     DISCUSSION

The Court finds that Defendant, as the movant, has failed to meet the burden of establishing that transferring venue is warranted.  Indeed, "[a]lthough § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."  Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (Buckwalter, J.).  While this case originally could have been brought in New Jersey, the Court believes that the convenience of the parties and witnesses, and the interest of justice, weigh against transfer.  Further, Defendant has failed to demonstrate that the public and private interests weigh in favor of transfer.

Regarding the relevant private interests, the Court finds that they weigh against transfer.  Defendant has not offered anything that would negate the weight that is usually given to the Plaintiff's choice of forum.  Plaintiff's proximity to this forum, as well as the proximity of the majority of the witnesses to this forum, indicate that it would be more expeditious to litigate the case in the Plaintiff's chosen forum.  Defendant has not shown that it would be unduly burdensome to litigate in this forum.  The necessity of visiting the accident site does not warrant moving the entirety of this action to the District of New Jersey.

The relevant public interests also weigh against transfer.  Judgment could be enforced in either forum, court congestion is not at issue, and the public policies of the fora are not at

safety of our national cemeteries.  Additionally, Plaintiff asserts that the majority of the witnesses and involved parties reside within this jurisdiction.  Plaintiff states that a site inspection would not present any difficulties for a trial in this forum.  Plaintiff further states that there are no issues regarding enforceability of a judgment, court congestion, or difficulty of applying the law of another jurisdiction.  (Doc. 5 at 4-6).

## IV.     DISCUSSION

The Court finds that Defendant, as the movant, has failed to meet the burden of establishing that transferring venue is warranted.  Indeed, "[a]lthough § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally."  Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (Buckwalter, J.).  While this case originally could have been brought in New Jersey, the Court believes that the convenience of the parties and witnesses, and the interest of justice, weigh against transfer.  Further, Defendant has failed to demonstrate that the public and private interests weigh in favor of transfer.

Regarding the relevant private interests, the Court finds that they weigh against transfer.  Defendant has not offered anything that would negate the weight that is usually given to the Plaintiff's choice of forum.  Plaintiff's proximity to this forum, as well as the proximity of the majority of the witnesses to this forum, indicate that it would be more expeditious to litigate the case in the Plaintiff's chosen forum.  Defendant has not shown that it would be unduly burdensome to litigate in this forum.  The necessity of visiting the accident site does not warrant moving the entirety of this action to the District of New Jersey.

The relevant public interests also weigh against transfer.  Judgment could be enforced in either forum, court congestion is not at issue, and the public policies of the fora are not at

issue. This Court is adequately familiar with the applicable state law. Furthermore, the Court is also familiar with the underlying facts of the case itself. Regarding practical considerations that could make the trial easy, expeditious, or inexpensive, the Court finds that transfer would likely fail to achieve this goal. Rather, it would do the opposite since many likely witnesses would have to travel farther to participate in the proceedings. As a result, transferring the case to New Jersey would likely make the trial harder, less expeditious, and potentially more expensive, as a new court would have to learn the facts of the case and the proceedings would be delayed.

## V.     CONCLUSION

For the reasons discussed above, the Court will deny Defendant's Motion to transfer venue to the District of New Jersey.

An appropriate Order follows.

O:\CIVIL 09-10\10-2927 Carter v. United States\Carter v United States, 10-2927 - mem re motion to transfer.wpd